Donald C. McClure v. Commissioner.
McClure v. Commissioner
Docket No. 8056.
United States Tax Court
1946 Tax Ct. Memo LEXIS 196; 5 T.C.M. (CCH) 359; T.C.M. (RIA) 46111; May 9, 1946
*196 Clifford G. Wood, C.P.A., for the petitioner. Maurice S. Bush, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $2,893.73 in the income tax of the petitioner for the calendar year 1941. The only issue is whether the Commissioner erred in disallowing a long-term loss of $12,749.65 claimed on the return as one-half of the loss from the sale on December 12, 1941 of 750 shares of common stock of The Argus Corporation. The Commissioner explained that the loss was disallowed because the stock became worthless in 1936. The facts have been stipulated. The petitioner is an individual who filed his return for 1941 with the collector of internal revenue for the first district of Illinois. The corporation known as The Argus Corporation was formerly the Central Public Service Company, but for convenience herein it will be referred to as Argus. The petitioner, in years prior to 1930, received 5,000 shares of Argus common stock as compensation for services. He reported the receipt of this stock as income at a value of $17 per share and thereby acquired a basis of $85,000 for the 5,000 shares. There were subsequently *197 various exchanges of the stock. The petitioner, on December 12, 1941, was the owner of 2,150 shares and on that day he sold 750 of those shares for a net consideration of 70 cents. The portion of the original basis attributable to these shares was $25,500. The petitioner reported a loss of $25,499.30 of which 50 per cent, or $12,749.65 was claimed as a deduction on his return for 1941. The Commissioner disallowed the deduction for reasons already mentioned. Argus was organized in 1925 as a holding company. Its principal asset was stock of Central Public Utility Corporation. This stock was sold in 1936. Argus was recapitalized in August 1936, at which time its preferred stock was exchanged for a different preferred stock, and the holders of the old preferred received one share of new common for each old share of preferred in satisfaction of the unpaid dividends accumulated since October 1, 1931. The holders of common stock received one share of new common in exchange for each 10 shares of old common. The corporation had a deficit of over $1,000,000 prior to this recapitalization. The recapitalization reduced the deficit on the books to about $18,000. The new preferred was entitled *198 to a dividend of $7.00 per share per year if earned and declared, and to $100 per share upon liquidation. The par value of the new common stock was 10 cents per share. The stockholders voluntarily reduced the capital stock on September 15, 1938 from 500,000 shares of common to 125,000, and from 500,000 shares of preferred to 25,000. The corporation operated as an investment company of the general management type until 1940 when it discontinued that business and went into the business of constructing and renting small apartment buildings. Thereafter it has continued in that business. It has never been in bankruptcy or insolvency proceedings and has regularly issued annual reports to its stockholders. The following table shows its net income or loss and its book surplus or deficit for the years 1934 to 1944, inclusive. Parenthesis indicates a loss or deficit. Net income
Surplus or
Year
or loss
deficit
1934
($ 6,269)
1935
( 980,044)
($1,021,318)
1936
( 7,866)
( 18,060)
1937
13,100
( 27,842)
1938
( 56,557)
( 84,463)
1939
( 2,036)
( 85,898)
1940
( 3,358)
( 90,943)
1941
( 3,573)
( 94,462)
1942
6,036
( 88,427)
1943
10,372
29,820
1944
5,048
33,484
*199 The outstanding common stock was shown on the books for 1934 and 1935 in an amount slightly in excess of $100,000. Thereafter it was shown as amounting to about $11,440. The outstanding preferred stock, beginning in 1936 and for all subsequent years, was shown as amounting to a little more than $112,000. The Argus Company has never paid any dividends on its common stock and has not paid any dividends on its preferred stock since October 1, 1931. The common stock was listed on the Chicago Stock Exchange up to 1936, but thereafter has not been listed on any stock exchange. The stipulation shows no record of sales of the stock after 1933, in which year it sold for 25 cents a share. Prior to that time it had sold at very much higher prices. The petitioner, on his income tax return for 1933, claimed a deduction for the entire basis of his stock on the ground that it became worthless in that year. The Commissioner disallowed the deduction on the ground that the stock did not become worthless in that year and the petitioner paid the resulting deficiency. The only question presented for decision by the Court is whether the Argus common stock had become worthless in some year prior to *200 1941 or whether it retained some value up to the beginning of that year. This is purely a question of fact. The parties have stipulated that this common stock had no equity from 1933 through 1944. The balance sheet shows that it was far from having any equity during all of that period. The outstanding preferred stock which was carried on the books at its par value of $10 per share was entitled to dividends of $7.00 annually if earned and declared. The common stockholders had no reasonable prospect during 1941 and prior years of ever receiving a dividend on their stock. Furthermore, the preferred stock, upon liquidation, was entitled to $100 per share, or ten times the amount at which it was carried on the books. Thus, the situation in regard to the common stock was even worse than that disclosed by the balance sheets. Continuance in business, despite an unfavorable financial situation, is some evidence that stock still has value even though it is junior to preferred stock. This Court and other courts have been slow to hold that a common stock is worthless where it appears that the business has not been abandoned. This is particularly true where it appears that the stock in question *201 may have some intrinsic or potential value. However, in this case the evidence strongly preponderates in favor of the Commissioner's determination that this stock had become worthless prior to 1941. Even the most incorrigible optimist could scarcely have believed otherwise. The petitioner thought the stock was worthless in 1933, and it now seems unfortunate that he was not allowed his deduction at that time or in some more appropriate subsequent year. The sale in 1941 for 70 cents of stock which once had a value to this petitioner of over $25,000, is itself an indication that the stock was worthless at that time. Other evidence indicates that it had been just as worthless for a number of years previously. The petitioner has suffered a real loss for income tax purposes, but we can not find on this record that the Commissioner erred in disallowing it as a deduction for 1941. We find as a fact, from the entire record, that the stock in question became worthless prior to 1941. Decision will be entered for the respondent.